UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA D. MAYFIELD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF MERCED, et al.,<br><br>　　　　Defendants.<br>_____ / | Case No. 1:13-cv-1619 LJO-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 42). |

　　　　On January 8, 2014, Defendants Cindy Morse ("Ms. Morse"), Thomas Pfeiff ("Mr. Pfeiff") (collectively "lawyer defendants") and the Law Office of Morse & Pfeiff, dba Merced Defense Associates ("MDA") (collectively "Defendants) filed a Motion to Dismiss.  (Doc. 13).  On March 25, 2014, Defendants' Motion was referred to United States Magistrate Judge Barbara A. McAuliffe pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  (Doc. 25). On June 9, 2014, the Magistrate Judge issued Findings and Recommendations recommending that Defendants' Motion be granted in part and denied in part.  (Doc. 42).  These Findings and Recommendations were served on the parties and contained notice that any objections were to be filed within fourteen (14) days of the date of service of the order.  On June 23, 2014, Plaintiff filed objections to the Magistrate Judge's Findings and Recommendations.  (Doc. 46).

　　　　Plaintiff objects to the Findings and Recommendations on two grounds.  In her first objection, Plaintiff reiterates her position that MDA is subject to a Title VII claim because it serves as an agent for the County of Merced as evidenced by the Indigent Defense Contract between the County and MDA ("County-MDA contract").  (Doc. 46 at 2).  In regards to Plaintiff's Title VII claim, the Findings and Recommendations cited the County's Indigent Defense Contract. As pointed out in the Findings and Recommendations, the County-MDA contract explicitly creates a separate employment relationship between MDA attorneys and the County's attorneys serving as public defenders. Based on the County-MDA contract, the Magistrate Judge found that the County did not exert the type of

control that would make it liable as an employer under a Title VII agency theory. Relying on *Childs v. Local 18, Intern. Broth. of Elec. Workers*, 719 F.2d 1379, 1382 (9th Cir. 1983), the Court acknowledged that the County and MDA are engaged in a contractual relationship, but in spite of that, the Court found that the County did not actively control of the manner and means of MDA's business.

Plaintiff's second objection argues that she should be given leave to amend her California Fair Employment Housing Act ("FEHA"), Cal. Gov. Code §§ 12940, *et seq* and Equal Pay Act ("EPA"), 29 U.S.C. § 206, et seq., Cal. Labor Code § 1197.5; claims against the lawyer defendants in their individual capacities. The Magistrate Judge's Findings and Recommendations granted Defendants' Motion to Dismiss without leave to amend as to plaintiff's fifth claim for race and sex discrimination under the FEHA, eighth claim for retaliation under the FEHA, ninth claim for violation of the federal Equal Pay Act, and tenth claim for violation of California Equal Pay Act (Labor Code Section 1197.5) against the lawyer defendants in their individual capacities. (Doc. 42 at 11).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 305, this court has conducted a *de novo* review of this case. After reviewing the instant objection, the Court finds that it has some merit. With the additional authority included in the objections, it is possible Plaintiff could state a cognizable claim against the lawyer defendants in their individual capacities for Plaintiff's FEHA retaliation claim and her state and federal EPA claims. *Compare Jones v. Lodge at Torrey Pines P'ship*, 147 Cal.App.4th 475, 504 (2007) (holding individual supervisor can be held liable for retaliation under FEHA); *Winarto v. Toshiba America Electronics Components, Inc.*, 274 F.3d 1276, 1288 (9th Cir. 2001) (holding individual supervisor may be held personally liable for retaliation under FEHA); *with Reno v. Baird*, 18 Cal.4th 640, 663 (1998) (holding "individuals who do not themselves qualify as employers may not be sued under the FEHA for alleged discriminatory acts"); *see also Miller v. Maxwell's Int'l*, 1990 U.S. Dist. LEXIS 10479 (N.D. Cal. Jan. 17, 1990) ("In the absence of definite guidance from the Ninth Circuit, plaintiff is entitled to plead and prove that a specific employee took specific action with the intent to discriminate against plaintiff on the basis of gender with respect to the payment of wages. 29 U.S.C. § 206(d).")

Defendants argue that as a matter of law, the lawyer defendants may not be individually liable for violations of FEHA and the EPA. There is no clear rule about individual liability for retaliation

claims under FEHA and wage discrimination claims under the EPA, and therefore, the Court cannot say with certainty that Plaintiff will not be able to state claim against the lawyer defendants for violations in their individual capacities.  Accordingly, the Court concludes that it may be possible for Plaintiff to prove facts entitling her to relief and therefore her eighth, ninth, and tenth claims for relief against the individual defendants should be dismissed with leave to amend.  Based upon the briefing currently before the Court, Defendants have not established that further amendment of Plaintiff's complaint would be futile.

Plaintiff, however, is not entitled to amend her fifth claim alleging discrimination under FEHA. The Findings and Recommendations noted that it is well settled that under California law that FEHA will not support individual liability for alleged discriminatory acts.  *Reno*, 18 Cal. 4th at 663.  In challenging this finding, Plaintiff has not identified any incorrect analysis nor does she cite any relevant authority establishing that this decision was improperly reached.  Therefore, having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations issued June 9, 2014 are ADOPTED IN PART;

2. Defendants' Motion to Dismiss, filed on January 3, 2014, is DENIED in part and GRANTED in part as follows:

    A. Plaintiff's fourth and seventh claims for violations of Title VII against all defendants are DISMISSED, without leave to amend;

    B. Plaintiff's fifth claim for race and sex discrimination under FEHA against all defendants is DISMISSED, without leave to amend;

    C. Defendants' Motion to Dismiss Plaintiff's eight claim for retaliation under FEHA, ninth claim for violation of the EPA, and tenth claim for violation of CEPA against defendant MDA is DENIED;

    D. Plaintiff's eight claim for retaliation under FEHA, ninth claim for violation of the EPA, and tenth claim for violation of CEPA against the lawyer defendants

               in their individual capacities are DISMISSED, with leave to amend;

    E.    Defendants' motion to dismiss Plaintiff's twelfth claim for relief under 42 U.S.C § 1981 against defendants MDA and Thomas Pfeiff, as an individual, is DENIED;

    F.    Plaintiff's twelfth claim for relief under 42 U.S.C § 1981 against Defendant Cindy Morse, as an individual, is DISMISSED, with leave to AMEND;

    G.    Plaintiff's thirteenth claim for intentional infliction of emotional distress against all defendants is DISMISSED, with leave to amend.

    H.    Defendants' motion to dismiss Plaintiff's fourteenth claim for wrongful discharge in violation of public policy against Defendant MDA is DENIED;

    I.    Plaintiff's fourteenth claim for wrongful termination in violation of public policy against Defendants Thomas Pfeiff and Cindy Morse, as individuals, is DISMISSED, with leave to AMEND.

    J.    Plaintiff's fifteenth claim for breach of the implied covenant of good faith and fair dealing against all defendants is DISMISSED, without leave to amend;

3.    Defendant's Motion to Strike Plaintiff's punitive damages is DENIED;

4.    Plaintiff has thirty (30) days from the date of service of this order within which to file a first amended complaint; and

5.    This action is referred back to Magistrate Judge Barbara A. McAuliffe for further proceedings.

IT IS SO ORDERED.

Dated: **July 9, 2014**               /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE