UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA D. MAYFIELD,<br><br>   Plaintiff,<br><br>  v.<br><br>COUNTY OF MERCED, et al.,<br><br>   Defendants.<br>_____/ | Case No. 1:13-cv-1619 LJO-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 43). |

  On January 8, 2014, Defendant the County of Merced ("Defendant") filed a Motion to Dismiss. (Doc. 14). On March 25, 2014, Defendant's Motion was referred to United States Magistrate Judge Barbara A. McAuliffe pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 25). On June 9, 2014, the Magistrate Judge issued Findings and Recommendations recommending that Defendant's motion be granted in part and that Plaintiff Angela Mayfield's ("Plaintiff") Complaint be dismissed with leave to amend. (Doc. 43). These Findings and Recommendations were served on the parties and contained notice that any objection to the Findings and Recommendations were to be filed within fourteen (14) days of the date of service of the order. On June 23, 2014, Plaintiff and Defendant filed objections to the Magistrate Judge's Findings and Recommendations. (Docs. 44, 45).

  Plaintiff's sole objection argues that the Magistrate Judge erred in denying her the opportunity to amend her claims alleging the County violated its mandatory duty to provide indigent defense attorneys with reasonable compensation in a non-discriminatory manner. (Doc. 44 at 2). Plaintiff urges this Court to hold that Defendant has a statutory duty to provide reasonable compensation for services rendered by appointed counsel pursuant to California Penal Code section 987.2(a) and in the alternative allow her the opportunity to cure any defects in her complaint. (Doc. 44).

  This Court declines Plaintiff's request to impose a duty on the County not imposed by statute. As explained by the Magistrate Judge, all government tort liability must be authorized by statute. Cal.

Gov. Code § 815; *Lopez v. S. Cal. Rapid Transit Dist.*, 40 Cal. 3d 780, 785 n.2 (1985); *Morris v. State of California*, 89 Cal. App. 3d 962, 964 (Cal. App. 2d Dist. 1979). To state a cause of action, every fact essential to the existence of statutory liability must be pleaded with particularity, including the existence of a statutory duty. *Susman v. Los Angeles*, 269 Cal. App. 2d 803, 808 (Cal. App. 2d Dist. 1969); *Lopez,* 40 Cal. 3d 780, 795. "The facts showing the existence of the claimed duty must be alleged." Since the duty of a governmental agency can only be created by statute, the statute claimed to establish the duty must be identified. *Searcy v. Hemet Unified Sch. Dist.*, 177 Cal. App. 3d 792, 802 (Cal. App. 4th Dist. 1986). The Magistrate Judge found that section 987.2 does not impose a mandatory duty on the County to ensure that each appointed attorney is reasonably compensated and Plaintiff's objections provide no basis for the court to find that Penal Code section 987.2(a) establishes tort liability for the County. This Court finds that the Magistrate Judge did not err in finding that Plaintiff's governmental tort liability claims were legally deficient and subject to dismissal without leave to amend.

Defendant objects to the Magistrate Judge's Findings and Recommendations on the basis that Plaintiff has not established that amendment will cure the defects in Plaintiff's claims dismissed with leave to amend. The Magistrate Judge's Findings and Recommendations granted the Motion to Dismiss as to certain claims and provided plaintiff leave to amend as to plaintiff's fourth claim for race and sex discrimination under Title VII, fifth claim for race and sex discrimination under the California Fair Employment and Housing Act ("FEHA"), sixth claim for failure to prevent discrimination under the FEHA, seventh claim for retaliation under Title VII, eighth claim for retaliation under the FEHA, ninth claim for violation of the Equal Pay Act, tenth claim for violation of California Labor Code Section 1197.5, eleventh claim for violation of Section 1983, and twelfth claim for Violation of section 1981.

In dismissing Plaintiff's claims, the Magistrate Judge provided a detailed analysis of each claim. For the causes of action which were legally deficient, the Magistrate Judge recommended the causes of action be dismissed without leave to amend. For the causes of action which were factually deficient, the Magistrate Judge recommended that the causes of action be dismissed with leave to amend. While Defendant's objections reiterate many of the arguments raised in its motion to dismiss,

Defendant fails to provide any basis upon which the Court can conclude that the Findings and Recommendations, and more specifically, the recommendation that Plaintiff be given the opportunity to amend some of her claims, was improvidently made. Thus, Defendant's objections do not warrant rejection of the Magistrate Judge's Findings and Recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 305, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations issued June 9, 2014 are ADOPTED IN FULL;
2. Defendant's Motion to Dismiss, filed on January 3, 2014, is GRANTED in part as follows:
   A. Plaintiff's claims 1-3 and 13-15 are DISMISSED without leave to amend;
   B. Plaintiff's claims 4-12 are DISMISSED with leave to amend;
3. Plaintiff has thirty (30) days from the date of service of this order within which to file a first amended complaint; and
4. This action is referred back to Magistrate Judge Barbara A. McAuliffe for further proceedings.

IT IS SO ORDERED.

Dated:   **July 9, 2014**              /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE