## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANGELA D. MAYFIELD,** | 1:13-cv-01619 LJO BAM |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER RE: DEFENDANT LAW OFFICES OF MORSE AND PFEIFF, CINDY MORSE, AND THOMAS PFEIFF'S MOTION TO DISMISS (Doc. 55) AND MOTION TO STRIKE (Doc. 56)** |
| **v.** | |
| **COUNTY OF MERCED, *et al.*,** | |
| **Defendants.** | |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a

1

U.S. District Judge from outside the Eastern District of California.

## II. <u>INTRODUCTION</u>

Plaintiff Angela D. Mayfield began working as a contracted criminal defense attorney at the Law Office of Morse & Pfeiff, dba Merced Defense Associates ("MDA") in 2005. Plaintiff's First Amended Complaint ("FAC"), Doc. 67, ¶¶ 8, 10. Ms. Mayfield's position was to provide services to indigent criminal defendants under MDA's contract with the County of Merced ("the County"). *Id.* at ¶ 8. MDA terminated its contract with Ms. Mayfield on October 11, 2012. *Id.* at ¶¶ 10, 14. Plaintiff filed a *pro se* suit against MDA, her supervisors at MDA, Cindy Morse and Thomas Pfeiff (collectively "Lawyer Defendants") and the County, alleging claims of race and sex discrimination and retaliation, under various state and federal civil rights statutes. Now before the Court is MDA and Lawyer Defendants' ("Defendants") Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"), under Rule 12(b)(6).[1] Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss ("Defs.' Mem."), Doc. 55. Also before the Court is the Defendants' Motion to Strike portions of the FAC. Doc. 56. The Court deemed these matters suitable for decision without oral argument pursuant to Local Rule 230(g).

## III. <u>PROCEDURAL HISTORY</u>

Plaintiff initiated this action on October 8, 2013. Doc. 1. In her original complaint, Plaintiff asserted fifteen causes of action against the County, Lawyer Defendants, and MDA. *Id.* Plaintiff's claims for breach of the implied covenant of good faith and fair dealing were dismissed with prejudice as to all Defendants, in accordance with findings and recommendations ("F&Rs") issued by Magistrate Judge Barbara A. McAuliffe. Doc. No. 49. Plaintiff's claims for race and sex discrimination and retaliation under FEHA, for violation of state and federal Equal Pay Acts ("EPA" and "CEPA", respectively), and for wrongful discharge were allowed to proceed against MDA. *Id.* These claims were dismissed against the Lawyer Defendants with leave to amend, except for the discrimination claims,

---

[1] The County filed a separate motion to dismiss, Doc. No. 54, which the Court will address in a separate order.

1  which were dismissed without leave to amend. *Id.* The Court also allowed Plaintiff's claims under 42

2  U.S.C. § 1981 to proceed against MDA and Mr. Pfeiff, but dismissed them with leave to amend as to

3  Ms. Morse. *Id.* The Court dismissed with leave to amend claims for intentional infliction of emotional

4  distress ("IIED") against MDA and both Lawyer Defendants. *Id.*

5        Plaintiff filed her FAC on August 8, 2014[2] alleging the following causes of action against MDA

6  and Lawyer Defendants: (1) race and sex discrimination under Title VII of the federal 1964 Civil Rights

7  Act ("Title VII") (as to MDA), (2) race and sex discrimination under the FEHA (as to MDA), (3)

8  retaliation under Title VII (as to MDA) and the FEHA (as to MDA and Lawyer Defendants), (4)

9  retaliation under 29 U.S.C. § 206 and Cal. Lab. Code § 12940 (as to all Defendants), (6) violation of the

10  Equal Protection Clause of the Fourteenth Amendment (as to Lawyer Defendants), (7) race

11  discrimination and retaliation under 42 U.S.C. § 1981 (as to all Defendants), (8) wrongful discharge (as

12  to MDA), and (9) failure to reimburse under Cal. Lab. Code. § 2802 (as to MDA). Defendants move to

13  dismiss all claims pursuant to Rule 12(b)(6).

14        Defendants also move to strike allegations made by Plaintiff on page 9, footnote 2 of the FAC on

15  the basis that they are immaterial to the issues currently before the Court. Doc. No. 56-1 at 2.

16  ## IV. **BACKGROUND**

17        Plaintiff began work for MDA in February of 2005. FAC ¶ 10. Plaintiff alleges that she became

18  dissatisfied with her caseload and the compensation she received from MDA and made multiple

19  complaints to MDA regarding those issues. *Id.* at ¶¶ 21, 26. During her tenure with MDA, Plaintiff

20  discovered that her Caucasian male coworkers received higher overall compensation and higher starting

21  pay than she was offered. *Id.* at ¶ 22. Plaintiff also alleges that on September 7, 2012, while she and Mr.

22  Pfeiff were both in court, Plaintiff told a judge that she could not accept an additional case because her

23  caseload was too large and that she was addressing the issues with MDA. *Id.* at ¶ 33.

24        On September 10, 2012, MDA notified Plaintiff that it was terminating her contract "without

25  _____

26  [2] The FAC was refiled on October 24, 2014 to correct a filing error, pursuant to the Court's Minute Order, Doc. 66.

cause." *Id.* at ¶ 34. After receiving notice of the termination, Plaintiff met with County executive officer Angelo Lamas to discuss her termination. *Id.* at ¶ 35. During their discussion, Mr. Lamas advised Plaintiff regarding the rate the County paid for indigent defense attorneys. *Id.* After meeting with Mr. Lamas, Plaintiff alleges that she realized that the County provided enough funding to pay her more and to provide additional attorneys. *Id.* at ¶ 36.

Plaintiff filed a charge of discrimination under the FEHA and received a right-to-sue letter on April 30, 2013. *Id.* at ¶ 3. She filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC") and received a right-to-sue letter on September 4, 2013. *Id*. Plaintiff alleges that Defendants discriminated against her based on her race and sex by failing to assign her a caseload comparable to that of her white colleagues. *Id.* at ¶ 41. Further, Plaintiff alleges that she performed the same job duties as her white male coworkers, yet she was paid a lower wage for such work based on her race and sex. *Id.* at ¶ 42.

## V. **STANDARD OF DECISION**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for

more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## VI. ANALYSIS

**A.      Title VII Claims Against MDA**

Defendants argue that Plaintiff cannot sustain her Title VII claims against MDA because they were dismissed without leave to amend by this Court's Order. Defs.' Mem. at 9. Plaintiff argues that the Court granted her leave to amend claims as to the County, and that she should be allowed to plead claims against MDA if the Court found an agency relationship existed between MDA and the County. Plaintiff's Opposition ("Opposition"), Doc. No. 60 at 9-10. In a separate order, this Court found that the FAC fails to sufficiently allege an agency relationship existed between MDA and the County, and refused to grant leave to amend as to those claims relying on an agency theory. Thus, Plaintiff's argument with respect to amendment of her Title VII claims against MDA is moot. On this basis, the Court GRANTS WITHOUT LEAVE TO AMEND Defendants' Motion to Dismiss Plaintiff's First Cause of Action as to all defendants. Similarly, the Court GRANTS WITHOUT LEAVE TO AMEND Defendants' motion to dismiss the Title VII Claims contained in Plaintiff's Fourth Cause of Action.

**B.      FEHA Retaliation Claims Against Lawyer Defendants**

Defendants argue that Plaintiff's retaliation claim should be dismissed as to the Lawyer Defendants on the basis that individuals may not be liable for retaliation under the FEHA. Defs.' Mem. at 10. Defendants argue that this Court relied on outdated law when it found that there was no clear rule as to individual liability under FEHA. *Id.* Defendants cite to *Jones v. Torrey Pines Lodge*, 42 Cal. 4th

1  1158, 1160 (2008), for the premise that the California Supreme Court has clearly held that individuals

2  are *not* subject to liability for retaliation under FEHA. Plaintiff argues that Defendants misread *Jones.*

3  Opposition at 11.

4  Under the Ninth Circuit's "law of the case" doctrine, a court is generally precluded from

5  reconsidering an issue previously decided by the same court, or a higher court in the identical case.

6  *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993). Under this doctrine, a court has discretion to reopen

7  a previously resolved question under the following circumstances:

8  (1) the first decision was clearly erroneous;

9  (2) an intervening change in the law has occurred;

10  (3) the evidence on remand is substantially different;

11  (4) other changed circumstances exist;

12  (5) a manifest injustice would otherwise result.

13  *Id.* at 155. Defendants' arguments only invoke the first of these options.

14  Upon reviewing the law of the case as well as the relevant case law, this Court finds that its

15  previous legal conclusion was clearly wrong. In its previous Order Adopting, Doc. 49 at 2-3, this Court

16  mistakenly relied on the California appellate court decision in *Jones* for the premise that individuals may

17  be held liable for retaliation under FEHA. *Id.* at 2 (citing *Jones v. Lodge at Torrey Pines P'ship,* 54 Cal.

18  Rptr. 3d 379, 402 (2007). The appellate court did find that individual supervisors could be liable under

19  the FEHA. *Id.* ("We agree with *Walrath* and *Taylor* that an individual supervisor can be held liable for

20  retaliation under section 12940, subdivision (h)."). However, the California Supreme Court overruled

21  this holding on appeal. 42 Cal. 4th at 1173-74 ("[W]e conclude that the employer is liable for retaliation

22  under section 12940, subdivision (h), but nonemployer individuals are not personally liable for their role

23  in that retaliation. We disapprove *Taylor v. City of Los Angeles Dept. of Water & Power* [citations

24  omitted] and *Walrath v. Sprinkel* [citations omitted], to the extent they are inconsistent with this

25

26

conclusion."). The Supreme Court subsequently confirmed its position that "nonemployer individuals"[3] cannot be liable for retaliation under FEHA, *Miklosy v. Regents of Univ. of California*, 44 Cal. 4th 876, 901 (2008), a holding that has been adopted by the Ninth Circuit, *Grosz v. Lassen Cmty. Coll*. Dist., 360 F. App'x 795, 799 (9th Cir. 2009). It remains good law in this jurisdiction. Thus, the Court GRANTS WITHOUT LEAVE TO AMEND Defendants' Motion to Dismiss the retaliation claims brought under FEHA in Plaintiff's Fourth Cause of Action, as to the Lawyer Defendants.

**C.     EPA Claims**

Defendants argue that Plaintiff's federal EPA claims should be dismissed against the Lawyer Defendants because Plaintiff has not asserted facts that would show that they are individually liable. Defs.' Mem. at 11. Plaintiff claims that the FAC sufficiently alleges acts for which Ms. Morse and Mr. Pfeiff may each be held liable. Opposition at 10.

The federal law prohibiting sex-based pay discrimination, 29 U.S.C. § 206(d), is part of the suite of laws known as the "Fair Labor Standards Act" ("FLSA"). 29 U.S.C. §§ 201-219. Whether an employment relationship exists under the FLSA depends on the "economic reality" of the employment situation. *Hale v. State of Ariz.*, 967 F.2d 1356, 1364 (9th Cir. 1992) on reh'g, 993 F.2d 1387 (9th Cir. 1993) (citing *Goldberg v. Whitaker House Cooperative, Inc.*, 366 U.S. 28, 33 (1961). Courts in the Ninth Circuit look to the following factors as indicia of an employment relationship: "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* Evaluating these factors and others in the context of the original complaint, Judge McAuliffe found in the F&Rs (and this Court agreed) that the original complaint alleged sufficient facts that would allow Plaintiff to prove that an employment relationship existed between Plaintiff and MDA. Doc. 42 at 10-11. This Court, however, disagreed with the F&R's findings

---

[3] Plaintiff alleges that MDA was her employer. FAC ¶¶ 5,15 ("Plaintiff was an employee of Defendants County and MDA . . ."; "MDA is an employer under the FEHA because it employs five or more persons."). Because she does not allege that either of the Lawyer Defendants personally employed her, they are nonemployer individuals.

1   that the Lawyer Defendants could not be personally liable for discrimination under the FLSA, and

2   granted Plaintiff leave to amend her Complaint to allege facts that would establish their individual

3   liability. Doc. 49 at 2-3.

4          The Ninth Circuit allows FLSA suits against individual managers on the basis that "the definition

5   of 'employer' under the FLSA is not limited by the common law concept of 'employer,' but 'is to be

6   given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes." *Boucher v.*

7   *Shaw*, 572 F.3d 1087, 1090 (9th Cir. 2009) (internal quotations omitted). An individual may be liable if

8   he exercises "control over the nature and structure of the employment relationship." *Id.* In *Boucher,* the

9   Ninth Circuit allowed a case to survive a motion to dismiss where the plaintiff alleged that one

10  defendant was "responsible for handling labor and employment matters," another was chairperson and

11  chief executive officer, and a third who was the "chief financial officer and had responsibility for

12  supervision and oversight of the [] cash management." *Id.* at 1091 ("[A]ll three defendants had control

13  and custody of the plaintiff class, their employment, and their place of employment."). Similarly, one

14  district court within the Ninth Circuit has allowed an EPA discrimination cases to go forward where

15  defendants were "instrumental in initiating and maintaining the employment relationship." *Altman v.*

16  *Stevens Fashion Fabrics*, 441 F. Supp. 1318, 1320 (N.D. Cal. 1977).

17         Here, Plaintiff describes the Lawyer Defendants as half-owners and principals of MDA. FAC ¶¶

18  7-8. While Plaintiff does not clearly state so, these interests plausibly vest each of them with control

19  over Plaintiff's employment with MDA. *Id.* at ¶¶ 7-8, 13-14. Further, she alleges that Mr. Pfeiff had the

20  authority to adjust her salary, that he refused to pay her fairly in comparison with white male attorneys,

21  and burdened her unfairly with a heavier caseload in comparison with white male attorneys. *Id.* at ¶¶ 20-

22  21, 25, 27, 28, 29. This is sufficient to state an EPA claim against Mr. Pfeiff. The same cannot be said

23  for claims against Ms. Morse. Plaintiff alleges that Ms. Morse is liable for the decision to terminate

24  Plaintiff's employment. FAC at ¶14. ("MDA (Thomas Pfeiff *and* Cindy Morse) exercised their right to

25  terminate. . . .") (emphasis in original). However, nowhere does Plaintiff allege that Ms. Morse

26  determined, or was even involved in decisions regarding, Plaintiff's rate of payment or workload. Thus,

1  she has not presented a viable claim against Ms. Morse under the EPA. Plaintiff has been given ample

2  opportunity and instruction to present a case against Ms. Morse; this Court finds that further opportunity

3  to amend is unwarranted.

4        For the reasons discussed above, Defendants' Motion to Dismiss Plaintiff's claims in her Fifth

5  Cause of Action, brought pursuant to the federal EPA, is DENIED as to MDA and Mr. Pfeiff, and

6  GRANTED WITHOUT LEAVE TO AMEND as to Ms. Morse.

7  **D.**   **California Equal Pay Act Claims**

8        Defendants argue that CEPA defines "employers" more narrowly than the EPA. Defs.' Mem. at

9  11-12. They cite to *Jones v. Gregory,* 137 Cal. App. 4th 798, 805 (2006), for the prospect that the CEPA

10  encompasses only the "common law" definition of the term "employer," which generally precludes

11  liability from attaching to those individuals working on behalf of an employer. *Id.* Plaintiff argues that

12  individual liability may attach, if an individual acts in the capacity of a common law employer, as per

13  *Martinez v. Combs*, 49 Cal. 4th 35 (2010), as modified (June 9, 2010). Defendants argue that Plaintiff

14  misreads *Martinez.* Reply at 3.

15        In *Martinez*, the California Supreme Court confirmed its decision in *Jones* that California's

16  Industrial Welfare Commission regulations properly identified which "employers" might be liable for

17  wage and discrimination claims - as opposed to federal jurisprudence or the common law. 49 Cal. 4th at

18  66. These regulations make clear that individual corporate agents acting within the scope of their agency

19  are not liable for wage and discrimination claims. *Id.* Orders of the Industrial Welfare Commission

20  govern all actions brought under the Chapter 1 of Division 2, Part 4 of the California Labor Code,

21  including CEPA. Cal. Lab. Code § 1171; *Martinez,* 49 Cal. 4th at 66.

22        Thus, this Court GRANTS WITHOUT LEAVE TO AMEND Defendant's Motion to Dismiss

23  Plaintiff's CEPA claims in her Fifth Cause of Action, as to the Lawyer Defendants.

24  **E.**   **Section 1983 Claims**

25        Defendants argue that Plaintiff's constitutional claims, brought pursuant to 42 U.S.C. § 1983,

26

1   should be dismissed because, first, they were dismissed with prejudice earlier and, second, the Lawyer

2   Defendants do not serve in any official capacity and lack the authority to act under color of law. Defs.'

3   Mem. at 12. Plaintiff claims that the County "vested" authority to MDA to act as its "Primary Indigent

4   Defense Contractors" and therefore that they acted "under the color of state law." Opposition at 8.

5   Defendants argue that this is not a viable legal theory. Reply, at 4.

6          In an order to be filed simultaneously with this one, this Court found that the FAC failed to

7   sufficiently allege that the County vested any policy-making authority to MDA or the Lawyer

8   Defendants, and that further amendment of these claims would be futile. Accordingly, this Court finds

9   that there is no basis for the allegation that MDA or the Lawyer Defendants had the capacity to act under

10  the color of law.

11         For these reasons, the Court GRANTS WITHOUT LEAVE TO AMEND Defendants' motion to

12  dismiss Plaintiff's Sixth Cause of Action as to All Defendants.

13  **F.      Section 1981 Claims Against Ms. Morse**

14         As discussed F&Rs, Doc. 42, Plaintiff's original Complaint stated viable Section 1981 claims

15  against MDA and Mr. Pfeiff. Doc. 42 at 13-14. Claims against Ms. Morse, however, were dismissed

16  because the Complaint contained no allegations that she took any direct action against the Plaintiff. *Id.* at

17  14. Defendant argues that Plaintiff failed to add any allegations in the FAC that would justify a different

18  conclusion. Defs.' Mem. at 13. Plaintiff argues that Ms. Morse is liable, at the very least, for the

19  decision to terminate her employment with MDA. Opposition at 8-9.

20         To establish a claim under § 1981, a plaintiff must allege that: "(1) he is a member of a racial

21  minority group; (2) the defendant intended to discriminate on the basis of his race; and (3) the

22  discrimination pertained to one of the activities enumerated in the statute." *Jackson v. California*, No.

23  1:13-CV-01055-LJO, 2014 WL 3778263, at *7 (E.D. Cal. July 30, 2014) report and recommendation

24  adopted, No. 1:13-CV-01055-LJO-SAB, 2014 WL 4192802 (E.D. Cal. Aug. 20, 2014) (citing *Morris v.*

25  *Office Max, Inc*., 89 F.3d 411, 413 (7th Cir. 1996)). Similar to a violation of equal protection, to prevail

26

1  on this claim, Plaintiffs must "prove as an element of the cause of action some racial, or perhaps

2  otherwise class-based, invidiously discriminatory animus behind the [official's] action." *Id.* (internal

3  citations and quotations omitted).

4         The FAC alleges that Ms. Morse is liable under Section 1981 primarily because of her status as

5  principal in MDA. FAC ¶14. ("MDA (Thomas Pfeiff *and* Cindy Morse) exercised their right to

6  terminate. . . .") (emphasis in original). The FAC also alleges that Ms. Morse was responsible for

7  terminating Plaintiff's employment. FAC ¶ 34 ("The termination letter from Mr. Pfeiff *and* Cindy

8  Morse, was dated September 7, 2012 . . .") (emphasis in original). As Defendants point out, Mr. Pfeiff

9  alone signed the letter. However, this does not negate the allegation that Ms. Morse was responsible for

10  *making the decision* to terminate the Plaintiff's employment, and that the letter was sent on Ms. Morse's

11  behalf. Plaintiff alleges this decision was based on her membership in a protected class and/or for

12  retaliatory purposes. Therefore, this Court finds that the FAC alleges facts sufficient to establish Ms.

13  Morse's personal involvement in the termination. Thus, the Court DENIES Defendants' Motion to

14  Dismiss Plaintiff's Seventh Cause of Action, as to all Defendants.

15  **G.    Wrongful Discharge Claims**

16         Plaintiff's Eighth Cause of Action alleges that her termination violated public policy. FAC ¶ 56.

17  Defendants argue that this claim must be dismissed as to the Lawyer Defendants because this tort may

18  not be alleged against individuals. Defs.' Mem. at 5. While Plaintiff disagrees with these arguments in

19  her opposition papers, her FAC actually only names MDA as a defendant for this claim. Thus the Court

20  DENIES Defendants' Motion on this claim because their arguments are moot.[4]

21  **H.    Failure to Reimburse**

22         Plaintiff's Ninth Cause of Action alleges that MDA is liable under California Labor Code § 2802

23  for failing to reimburse her for work expenses. FAC ¶ 57. Defendants argue that Plaintiff should not be

24  allowed to plead this claim because it was not present in the original complaint and Plaintiff did not have

25  ───────────────

26  [4] Moreover, the California Supreme Court holds that common law based wrongful discharge suits are not viable against individual supervisory employees. *Miklosy v. Regents of Univ. of California*, 44 Cal. 4th 876, 901 (2008).

leave to include new claims in the FAC. Defs.' Mem. at 14.

Federal procedure requires that leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' *Foman v. Davis*, 371 U.S. 178, 182 (1962). Considering that Plaintiff is appearing *pro se* and that Defendants do not claim prejudice, it would be inappropriate to grant Defendants' motion to dismiss on the basis that Plaintiff was not specifically granted leave to add additional claims.

Alternatively, Defendants argue that MDA is not liable under Section 2802 because it was never Plaintiff's employer. Defs.' Mem. at 14-15. As discussed in the F&Rs adopted by this Court in connection with MDA's motion to dismiss the original complaint, Doc. 42 at 9-11, the original complaint sufficiently alleged that Plaintiff was MDA's employee under California law. The facts alleged in the FAC in connection with this issue are substantially the same. Therefore, this Court DENIES Defendants' Motion to Dismiss Plaintiff's Ninth Cause of Action.

## I.   **Motion to Strike**

In footnote 2 on page 9 of the FAC, Plaintiff writes the following: "MDA did not object to the Magistrate Judge's finding that Plaintiff alleged enough facts to establish a possible employer-employee relationship between herself and MDA." Defendants move to strike this statement on the basis that it is immaterial and potentially prejudicial to Defendants. MTS at 2. As Defendants point out, Doc. 65, Plaintiff did not file an opposition to this Motion.

Federal Rule of Civil Procedure 12(f) provides that a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *California Dept. of Toxic Substance Control v. ALCO Pacific, Inc.,* 217 F.

1    Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted. The purpose of a Rule

2    12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those

3    issues prior to trial. *See Sidney–Vinstein v. A .H. Robins Co*., 697 F.2d 880, 885 (9th Cir.1983).

4           "Motions to strike are generally regarded with disfavor because of the limited importance of

5    pleading in federal practice, and because they are often used as a delaying tactic." *Benham v. Am.*

6    *Servicing Co.*, C 09-01099 JSW, 2009 WL 4456386 *1033 (N.D. Cal. Nov. 30, 2009); *see also Lazar v.*

7    *Trans Union* LLC, 195 F.R.D. 665, 669 (C.D.Cal.2000); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478

8    (C.D. Cal. 1996); *Colaprico v. Sun Microsystems, Inc*., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

9    Accordingly, courts often require a showing of prejudice by the moving party. *S.E.C. v. Sands*, 902 F.

10   Supp. 1149, 1166 (C.D. Cal. 1995) *aff'd sub nom*. *S.E.C. v. First Pac. Bancorp*, 142 F.3d 1186 (9th Cir.

11   1998) (internal quotations omitted). The possibility that issues will be unnecessarily complicated or that

12   superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial is the type of

13   prejudice that is sufficient to support the granting of a motion to strike. *ALCO*, 217 F. Supp. 2d at 1028.

14          Defendants argue that the statement in question "implies that MDA admitted it is an employer

15   under FEHA by failing to make an objection, which is patently false." MTS at 3. They assert the

16   statement may be prejudicial to Defendants if Plaintiff relies on the statement to support her claim that

17   MDA is an employer under FEHA. *Id.* Plaintiff does not bother to rebut Defendants assertions or offer

18   any arguments as to how the statement may be relevant. This Court agrees that the statement is

19   immaterial and potentially prejudicial to Defendants' case. Thus, it GRANTS Defendant's Motion to

20   Strike.

21                    **VII. <u>CONCLUSION AND ORDER</u>**

22          For the reasons discussed, above the Court GRANTS IN PART AND DENIES IN PART

23   Defendants' Motion to Dismiss, Doc. 55, as follows:

24          The Court GRANTS WITHOUT LEAVE TO AMEND Defendants' Motion to Dismiss

25   Plaintiff's First Cause of Action as well as Title VII Claims contained in Plaintiff's Fourth Cause of

26

1    Action, as to all Defendants.

2           The Court GRANTS WITHOUT LEAVE TO AMEND Defendants' Motion to Dismiss the

3    retaliation claims brought under FEHA in Plaintiff's Fourth Cause of Action as to Ms. Morse and Mr.

4    Pfeiff.

5           The Court DENIES Defendants' Motion to Dismiss Plaintiff's Fifth Cause of Action brought

6    pursuant to 29 U.S.C. § 206 as to MDA and Mr. Pfeiff; and GRANTS WITHOUT LEAVE TO AMEND

7    the motion to dismiss this claim as to Ms. Morse.

8           The Court GRANTS WITHOUT LEAVE TO AMEND Defendants' Motion to Dismiss

9    Plaintiff's Fifth Cause of Action brought pursuant to California Labor Code § 1197.5 as to Ms. Morse

10   and Mr. Pfeiff.

11          The Court GRANTS WITHOUT LEAVE TO AMEND Defendants' Motion to Dismiss

12   Plaintiff's Sixth Cause of Action as to all Defendants.

13           The Court DENIES Defendants' Motion to Dismiss Plaintiff's Seventh Cause of Action, as to

14   all Defendants.

15          The Court DENIES as moot Defendants' Motion to Dismiss Plaintiff's Eighth Cause of Action

16   as to Ms. Morse and Mr. Pfeiff.

17          The Court DENIES Defendants' Motion to Dismiss Plaintiff's Ninth Cause of Action.

18          The Court GRANTS Defendants' Motion to Strike, Doc. 56.

19

20   IT IS SO ORDERED.

21    Dated:   **November 10, 2014**            **/s/ Lawrence J. O'Neill**
                                            UNITED STATES DISTRICT JUDGE
22

23

24

25

26