# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANGELA D. MAYFIELD,** | **1:13-cv-01619 LJO BAM** |
| **Plaintiff,** | **REQUEST FOR SUPPLEMENTAL BRIEFING RE: PLAINTIFF'S AMENDED MOTION FOR ENTRY OF SEPARATE JUDGMENT (Doc. 73)** |
| **v.** | |
| **COUNTY OF MERCED, *et al.*,** | |
| **Defendants.** | |

## I. BACKGROUND

Plaintiff Angela D. Mayfield worked as a contracted criminal defense attorney at the Law Office of Morse & Pfeiff, dba Merced Defense Associates ("MDA"). First Amended Complaint ("FAC"), Doc. 67, ¶¶ 8, 10. Ms. Mayfield's position was to provide services to indigent criminal defendants under MDA's contract with the County of Merced ("the County"). *Id*. at ¶ 8. MDA terminated its contract with Ms. Mayfield on October 11, 2012. *Id*. at ¶¶ 10, 14. Plaintiff filed a pro se suit against MDA, her supervisors at MDA, Cindy Morse, and Thomas Pfeiff (collectively "Lawyer Defendants") and the County. In her original complaint, Plaintiff asserted fifteen causes of action against the County, Lawyer Defendants, and MDA. *Id.* Five of these claims, which arose under the California Government Tort Claims Act and common law tort theories, were dismissed with prejudice, in accordance with findings and recommendation issued by Magistrate Judge Barbara A. McAuliffe. Doc. No. 50. The other nine claims, which alleged violations under federal civil rights acts and California's Fair Employment and Housing Act ("FEHA"), Equal Pay Act ("EPA"), and California Labor Code § 1197.5, were dismissed

1   with leave to amend as to the County. *Id.* Plaintiff filed her FAC on August 8, 2014[1] alleging the

2   following seven causes of action against the County: (1) race and sex discrimination under Title VII of

3   the federal 1964 Civil Rights Act ("Title VII"), (2) race and sex discrimination under FEHA, (3) failure

4   to prevent discrimination under FEHA, (4) retaliation under Title VII and FEHA, (5) retaliation under

5   the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, and Cal. Lab. Code  ("CLC") § 1197.5, (6)

6   violation of the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983, and (7)

7   race discrimination and retaliation under 42 U.S.C. § 1981.

8           On November 10, 2014, this Court granted the County's motion to dismiss all claims against it.

9   Mem. Decision and Order Re: Def. County of Merced's Mot. to Dismiss, Doc. 69. The Court

10  dismissed claims brought under Title VII, FEHA and the FLSA on the basis that Plaintiff did not

11  plausibly allege that she had an employment relationship with the County. *Id.* at 5-11. Plaintiff's

12  *Monell* claims were dismissed because she did not plausibly allege that the County had a policy,

13  practice, or custom of discrimination or that the County could be liable for the allegedly

14  discriminatory practices of other defendants in the case. *Id.* at 12-16. Finally, Plaintiff's Section 1981

15  claims were dismissed because she did not plausibly allege that she had a contractual relationship with

16  the County. *Id.* at 16-18.

17          Now before the Court is Plaintiff's amended motion requesting that final judgment be entered

18  against the County pursuant to Federal Rule 54(b). Am. Mot. For Entry of Separate J. ("MTA"), Doc.

19  73. Defendant filed its Opposition December 24, 2014. Mem. of P. & A. in Opp'n to Pl.'s Mot. for

20  Entry of Separate J. ("Opposition"), Doc. 78. Plaintiff replied January 5, 2015. Doc. 80.

21                          **II. <u>LEGAL STANDARD</u>**

22          Federal courts of appeals have jurisdiction only over appeals from "final decisions" of federal

23  district courts. 28 U.S.C. § 1291. Rule 54(b) creates an exception to this finality rule. The rule provides

24  that in actions involving multiple parties or more than one claim for relief, "the court may direct entry of

---

26  [1] The FAC was refiled on October 24, 2014 to correct a filing error, pursuant to the Court's Minute Order, Doc. 66.

a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed.R.Civ.P. 54(b). "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss–Wright Corp. v. General Elec. Co*., 446 U.S. 1, 8 (1980); *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956); *Wood v. GCC Bend*, LLC, 422 F.3d 873, 878 (9th Cir. 2005).

Rule 54(b) to requires the presence of three conditions: (1) multiple claims or multiple parties; (2) at least one claim or the rights and liabilities of one party have been finally decided; and (3) and there is no just reason for any delay in entering judgment and allowing an appeal. *See Edison v. United States*, No. 1:12-CV-02026-AWI, 2014 WL 896977, at *2 (E.D. Cal. Mar. 6, 2014). When determining whether there is a "just reason for delay" a court must "take into account judicial administrative interests as well as the equities involved" and "may consider factors such as 'whether the claims under review were separable from the other remaining to be adjudicated.'" *Curtiss–Wright*, 446 U.S. 446 at 8. The district court must preserve "the historic federal policy against piecemeal appeals." *Id*.; *Sears, Roebuck*, 351 U.S. at 438; *Wood*, 422 F.3d at 878–79. The court making a Rule 54(b) determination "should not direct entry of judgment under Rule 54(b) unless it has made specific findings setting forth the reasons for its order." *In re Lindsay*, 59 F.3d 942, 951 (9th Cir. 1995) (internal citations and quotations omitted).

### III. <u>ANALYSIS</u>

The parties do not dispute that the November 10, 2014 Order was a final judgment against the County or that this is a case with multiple claims and parties. However, parties disagree as to whether there is just reason for delaying appeal. Plaintiff argues that granting her motion "will permit the parties to secure an appellate ruling in sufficient time to permit the action to proceed in one trial." MTA at 3. While this is a *possible* outcome; it is by no means guaranteed. A stay of the pending proceedings is the only means that would ensure this result. *See  Doe v. Univ. of California*, No. C-92-2284 SAW, 1993 WL 361540, at *2 (N.D. Cal. Sept. 2, 1993) ("If a district court certifies claims for appeal pursuant to

Rule 54(b), it should stay all proceedings on the remaining claims if the interests of efficiency and fairness are served by doing so."). Without a stay, Plaintiff might still be faced with mounting separate trials as the pending district court claims may be resolved before the appellate court rules. If that were to happen and if the appellate court were to overturn this Court's dismissal of any of the claims against the County, the Plaintiff would still have to litigate against the County. Thus, the trial court and the appellate court would be confronted with a second case arising out of the same set of facts. This is not a prudent use of either court's limited resources; and thus does not warrant Rule 54(b) certification.

Plaintiff, however, has not moved for stay. Given the concerns expressed about delay and staleness expressed in her motion, the Court cannot determine if Plaintiff believes one is warranted. Moreover, Defendant has not been given the opportunity to put forth objections on the matter. "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). However, a stay may be inappropriate "if there is even a fair possibility that the stay will work damage to someone else . . . absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)). To evaluate whether to stay an action, the Court must the weigh competing interests that will be affected by the decision to grant or refuse a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962). Among these competing interests are: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id.* (citing *Landis*, 299 U.S. at 254–55)). Supplemental briefing is warranted to address these issues.

## IV. <u>CONCLUSION AND ORDER</u>

Parties are directed to file supplemental briefing addressing the following issue only:

Does Plaintiff move for a stay of the unadjudicated proceedings? If so, Plaintiff is directed to file a supplemental brief addressing why a stay would be "the fairest course for the parties" and whether she would suffer "hardship or inequity" if the Court fails to grant one.

Plaintiff's brief shall be filed within 10 days of this Order. Defendant's response (if any) shall be due 7 days after Plaintiff's filing.

IT IS SO ORDERED.

Dated:   **January 7, 2015**          ____**/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE