UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANGELA D. MAYFIELD, | 1:13-cv-01619 LJO BAM |
|---|---|
| Plaintiff, | MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S AMENDED MOTION FOR ENTRY OF SEPARATE JUDGMENT (Doc. 73) and REQUEST FOR STAY OF PROCEEDINGS (Doc. 87). |
| v. | |
| COUNTY OF MERCED, *et al.*, | |
| Defendants. | |

## I. BACKGROUND

Plaintiff Angela D. Mayfield worked as a contracted criminal defense attorney at the Law Office of Morse & Pfeiff, dba Merced Defense Associates ("MDA"). First Amended Complaint ("FAC"), Doc. 67, ¶¶ 8, 10. Ms. Mayfield's position was to provide services to indigent criminal defendants under MDA's contract with the County of Merced ("the County"). *Id*. at ¶ 8. MDA terminated its contract with Ms. Mayfield on October 11, 2012. *Id*. at ¶¶ 10, 14. Plaintiff filed a pro se suit against MDA, her supervisors at MDA, Cindy Morse, and Thomas Pfeiff (collectively "Lawyer Defendants") and the County. *Id.* In the FAC, Plaintiff filed alleged the following seven causes of action against the County: (1) race and sex discrimination under Title VII of the federal 1964 Civil Rights Act ("Title VII"), (2) race and sex discrimination under California's Fair Employment and Housing Act ("FEHA"), (3) failure to prevent discrimination under FEHA, (4) retaliation under Title VII and FEHA, (5) retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, and Cal. Lab. Code ("CLC") § 1197.5, (6) violation of the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983, and (7) race discrimination and retaliation under 42 U.S.C. § 1981.

The FAC also alleged the following causes of action against MDA and Lawyer Defendants: (1) race and sex discrimination under Title VII (as to MDA), (2) race and sex discrimination under the FEHA (as to MDA), (3) retaliation under Title VII (as to MDA) and the FEHA (as to MDA and

Lawyer Defendants), (4) retaliation under 29 U.S.C. § 206 and Cal. Lab. Code § 1197.5 (as to MDA and Lawyer Defendants), (6) violation of the Equal Protection Clause of the Fourteenth Amendment (as to Lawyer Defendants), (7) race discrimination and retaliation under 42 U.S.C. § 1981 (as to MDA and Lawyer Defendants), (8) wrongful discharge (as to MDA), and (9) failure to reimburse under Cal. Lab. Code. § 2802 (as to MDA).

On November 10, 2014, this Court granted the County's motion to dismiss all claims against it. Mem. Decision and Order Re: Def. County of Merced's Mot. to Dismiss, Doc. 69. The Court dismissed claims brought under Title VII, FEHA and the FLSA on the basis that Plaintiff did not plausibly allege that she had an employment relationship with the County. *Id.* at 5-11. Plaintiff's *Monell* claims were dismissed because she did not plausibly allege that the County had a policy, practice, or custom of discrimination or that the County could be liable for the allegedly discriminatory practices of other defendants in the case. *Id.* at 12-16. Finally, Plaintiff's Section 1981 claims were dismissed because she did not plausibly allege that she had a contractual relationship with the County. *Id.* at 16-18.

On the same date, this Court granted in part and denied in part Lawyer Defendants' and MDA's motion to dismiss claims against them. Doc 70. The following claims were allowed to move forward: (1) retaliation under 29 U.S.C. § 206 (as to MDA and Mr. Pfeiff), (2) retaliation under FEHA and Cal. Labor Code § 1197.5 (as to MDA), (3) race and sex discrimination under FEHA (as to MDA), (4) wrongful discharge (as to MDA), (5) failure to reimburse under Cal. Lab. Code. § 2802 (as to MDA), and (5) race discrimination and retaliation under 42 U.S.C. § 1981 (as to MDA and Lawyer Defendants). *Id.* at 13-14.

Now before the Court is Plaintiff's amended motion requesting that final judgment be entered against the County pursuant to Federal Rule 54(b). Am. Mot. For Entry of Separate J. ("MEJ"), Doc. 73. Defendant filed its Opposition December 24, 2014. Mem. of P. & A. in Opp'n to Pl.'s Mot. for Entry of Separate J. ("MEJ Opposition"), Doc. 78. Plaintiff replied January 5, 2015. Doc. 80. In response to this Court's request for supplemental briefing, Doc. 82, Plaintiff entered a motion to stay

remaining claims in this case on January 20, 2015. Req. for Stay of Proceedings Pending Appeal ("Stay Motion"), Doc. 87. Defendants replied January 30, 2015. Defs.' Resp. to Pl.'s Supplemental Briefing ("Stay Opposition"), Doc. 91.

## II. LEGAL STANDARDS

### A. Entry of Final Judgment Under Rule 54(b)

Federal courts of appeals have jurisdiction only over appeals from "final decisions" of federal district courts. 28 U.S.C. § 1291. Rule 54(b) creates an exception to this finality rule. The rule provides that in actions involving multiple parties or more than one claim for relief, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980); *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956); *Wood v. GCC Bend*, LLC, 422 F.3d 873, 878 (9th Cir. 2005).

Rule 54(b) requires the presence of three conditions: (1) multiple claims or multiple parties; (2) at least one claim or the rights and liabilities of one party have been finally decided; and (3) and there is no just reason for any delay in entering judgment and allowing an appeal. *See Edison v. United States*, No. 1:12-CV-02026-AWI, 2014 WL 896977, at *2 (E.D. Cal. Mar. 6, 2014). When determining whether there is a "just reason for delay" a court must "take into account judicial administrative interests as well as the equities involved" and "may consider factors such as 'whether the claims under review were separable from the other remaining to be adjudicated.'" *Curtiss–Wright*, 446 U.S. 446 at 8. The district court must preserve "the historic federal policy against piecemeal appeals." *Id.*; *Sears, Roebuck*, 351 U.S. at 438; *Wood*, 422 F.3d at 878–79. The court making a Rule 54(b) determination "should not direct entry of judgment under Rule 54(b) unless it has made specific findings setting forth the reasons for its order." *In re Lindsay*, 59 F.3d 942, 951 (9th Cir. 1995) (internal citations and quotations omitted).

**B.      Stay of Proceedings**

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979).[1] However, a stay may be inappropriate "if there is even a fair possibility that the stay will work damage to someone else . . . absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)). To evaluate whether to stay an action, the Court must the weigh competing interests that will be affected by the decision to grant or refuse a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962). Among these competing interests are: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id.* (citing *Landis*, 299 U.S. at 254–55)).

### III. ANALYSIS

The parties do not dispute that the November 10, 2014 Order was a final judgment against the County or that this is a case with multiple claims and parties. However, parties disagree as to whether there is just reason for delaying appeal.

**A.      Whether the Case Against the Lawyer Defendants Should be Stayed**

Plaintiff argues that this Court should enter final judgment against the County because (a) the legal issues underpinning this Court's dismissal of the County are distinct from the issues to be tried against the remaining defendants, and (b) this would allow her to avoid litigating two separate trials. MEJ at 3-4. Plaintiff, however, did not request a stay of the remaining issues against the other

---

[1] Defendants incorrectly argue that the standard identified in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) applies here. Stay Opposition at 3. That standard applies to requests to stay *enforcement of judgments* under Rule 62, not of pre-judgment proceedings. *Hilton*, 481 U.S. at 776 (comparing Fed. R. Civ. P 62 and Fed. R. App. P 8a).

defendants pending appeal in her request to enter judgment. *Id.* This Court recognized that without a stay Plaintiff might still be faced with mounting separate trials, as the pending district court claims may be resolved before the appellate court rules. Req. for Supplemental Briefing, Doc. 82 at 4. Because the Court could not determine if Plaintiff actually sought a stay, supplemental briefing was requested of both parties as to whether a stay would be "the fairest course for the parties" and whether Plaintiff would suffer undue hardship if the case was not stayed. *Id.*

In response to this request Plaintiff filed a motion for stay, clarifying that she sought to stay the underlying proceedings primarily to avoid litigating two separate trials. Stay Motion at 2. Plaintiff claims that mounting separate trials will cause her financial and emotional hardship. *Id.* Defendant argues that a stay would needlessly prolong this matter and potentially allow for the degradation of evidence. Stay Opposition at 2. Defendant also argues that any factual issues that are resolved in the case against the Lawyer Defendants and MDA would estop the same issues from being re-argued against the County. *Id.* Thus, there would be little redundancy if a second trial is eventually required. *Id.* Plaintiff herself acknowledges that the delay may have unjust effects, as witnesses become more difficult to locate and memories fade. MEJ at 4. This Court considers that delay would bring a significant risk of harm to both parties. Plaintiff also acknowledges that her case against the County is based on the factual circumstances of whether the Lawyer Defendants discriminated against her. Stay Motion at 2 ("Plaintiff may have to face two trials based on the same set of facts."). But, as the County points out, this does not mean that these same facts need will be tried again. Rather, a potential trial against the County would only need to resolve factors related to whether the County may be independently liable for the alleged discrimination. Thus, separate trials are not necessarily inefficient here. While they may require more financial and emotional resources, it is not clear that this would present a significantly greater hardship than trying the separate claims against the separate parties in one proceeding.

Plaintiff also argues that the potential bifurcation of proceedings means that she will not be able to obtain materials in discovery in the case against MDA and the Lawyer Defendants. As Defendants

point out, this argument is without merit because discovery is not restricted to the parties of a case. Plaintiff is free to pursue discovery against the County (or any other third party) who may have evidence relevant to the facts of her case. *See* Fed. R. Civ. P. 45.

Defendants have shown that the stay may cause damage to their case. Plaintiff has failed to show that she would suffer a hardship that would justify this damage. Moreover, the orderly course of justice is served by not staying the case because the separate proceedings would address different issue. Thus, this Court DENIES Plaintiff's request for stay.

B. **Whether Judgment Should Be Entered Against the County Under Rule 54**

As discussed in the Court's Request for Supplemental Briefing, this Court does not think that certification of the judgment is a prudent use of appellate or trial court resources while the case proceeds against MDA and the Lawyer Defendants. Most of Plaintiff's claims against the County rely on a finding that these Defendants unlawfully discriminated against Plaintiff. Thus, many of her claims against the County may be moot if she is not able to prove these facts. Regardless of who wins at the trial level, the other party has the right to appeal this decision. It makes sense for the appellate court to hear that appeal at the same time as the appeal against the County, given the interrelated legal and factual issues of the claims against the separate parties. Accordingly, this Court DENIES Plaintiff's motion to enter final judgment.

### IV. CONCLUSION AND ORDER

For the reasons discussed above, the Court DENIES Plaintiff's Motion to Enter Final Judgment, Doc. 73, and Plaintiff's Request for Stay of Proceedings, Doc. 87.

SO ORDERED
Dated: February 2, 2015

                                                /s/ Lawrence J. O'Neill
                                                **United States District Judge**