**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANGELA D. MAYFIELD,** | 1:13-CV-1619-LJO-BAM |
| **Plaintiff,** | **ORDER ON MOTION TO STRIKE PORTIONS OF ANSWER**   (Doc. 76) |
| v. | |
| **COUNTY OF MERCED, CINDY MORSE, individually, and in her Official Capacity as Primary Indigent Defense Contractor THOMAS PFEIFF, individually and his Official Capacity as Primary Indigent Defense Contractor, LAW OFFICE OF MORSE AND PFEIFF, a PARTNERSHIP, dba MERCED DEFENSE ASSOCIATES,** | |
| **Defendants.** | |

## I. INTRODUCTION

Angela Mayfield ("Plaintiff") alleges that the County of Merced, Cindy Morse, Thomas Pfeiff, and the Law Office of Morse and Pfeiff, doing business as Merced Defense Associates, (collectively, "Defendants") engaged in a longstanding pattern and practice of discrimination against Plaintiff and another female attorney due to their race and sex while they were working as contract criminal defense attorneys. First Amended Complaint ("FAC"), Doc. 67 ¶ ¶ 8, 10. Defendants filed an answer consisting of nineteen affirmative defenses. Doc. 71. Plaintiff now moves to strike eleven of the defenses pled. Doc. 76.

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff is an African-American woman licensed to practice law in the State of California. FAC ¶ 5. Defendants Morse and Pfeiff jointly own and operate a law firm, Merced Defense Associates. *Id* at

1

¶¶ 7-8. In March 2003, Merced County contracted with Defendants' firm to provide indigent defense services, similar to those customarily provided by a public defender's office. *Id*. In the spring of 2005, Defendants hired Plaintiff as a contract attorney. *Id*. at ¶ 10. After working for Defendants for approximately five years, Plaintiff learned that she received a significantly lower salary and a heavier case load than her Caucasian male co-workers. *Id*. at ¶ 22. Plaintiff also alleges she was terminated "without cause" on September 10, 2012, only a few days after she notified a judge in Defendant Pfieff's presence that her case load was too heavy. *Id*. at ¶¶ 33-34. Upon her termination, Plaintiff decided to speak with Merced County executive officer Angelo Lamas from whom she learned that Merced County provided enough funding to pay Plaintiff more and to provide Merced Defense Associates with additional attorneys. *Id*. at ¶¶ 35-36.

Plaintiff filed a charge of discrimination under the Fair Employment and Housing Act ("FEHA") and received a right-to-sue letter on April 30, 2013. *Id*. at ¶ 3. Plaintiff filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC") and received a right-to-sue letter on September 4, 2013. *Id*. Defendant alleged she was discriminated against due to her race and sex, as she received a heavier case load and a lower wage than her Caucasian male colleagues. *Id*. at ¶ 42. Plaintiff filed her initial complaint in which she asserted fifteen causes of action against Defendants on October 8, 2013. Doc. 1. On July 10, 2014, the Court adopted the recommendations of Magistrate Judge Barbara A. McAuliffe and dismissed with prejudice the five claims that arose under the California Government Tort Claims Act and common law tort theories. Doc. 50. Plaintiff filed the FAC on October 24, 2014, alleging Defendants violated her rights under Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e-2, FEH Cal. Gov't Code § 12940, Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 , 29 U.S.C. § 206, California Labor Code § 1197.5, 42 U.S.C. § 1981, California Labor Code  § 2802.

Defendants moved to dismiss the entire FAC. Docs. 54 and 55. On November 10, 2014, the Court dismissed all claims against the County of Merced with leave to amend and granted in part but denied in part the motion to dismiss as to Defendants Morse, Pfeiff, and Merced Defense Associates.

On November 24, 2014, Defendants filed their answer to the FAC in which they assert the following affirmative defenses: (1) failure to state a cause of action; (2) statute of limitations; (3) failure to exhaust administrative remedies; (4) good faith conduct; (5) consent; (6) reasonable conduct; (7) res judicata and collateral estoppel; (8) failure to mitigate damages; (9) comparative negligence; (10) assumption of risk; (11) several liability for non-economic damages; (12) negligence of third persons; (13) after-acquired evidence; (14) exclusive remedy of worker's compensation; (15) workers' compensation set-off; (16) justification and privilege; (17) unclean hands; (18) estoppel, waiver and laches; (19) reservation of defenses and immunities. Doc. 71 at ¶¶ 1-19. Plaintiff then filed a motion to strike, asserting that Defendants' affirmative defenses are insufficiently pled or legally insufficient. Doc. 76. Defendants replied and Plaintiff responded. Docs. 84 and 86. The matter was taken under submission on the papers pursuant to Local Rule 230(g). Doc. 85.

### III. DISCUSSION

**A.    Legal Standard**

Affirmative defenses plead matters extraneous to the plaintiff's prima facie case and operate to deny plaintiff's right to recover, even if plaintiff's allegations are true. *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987). Affirmative defenses are governed by Fed. R. Civ. P. 8(c), which provides, in pertinent part, that "a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). The Ninth Circuit has held that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 827 (1979) (citing *Conley v. Gibson,* 355 U.S. 41, 47–48,

3

(1957)). Fair notice generally requires that the defendant identify the nature and grounds for the affirmative defense, rather than plead a detailed statement of the facts upon which the defense is based. *Dodson v. Strategic Restaurants Acquisition Co. II, LLC,* 289 F.R.D. 595, 599 (E.D. Cal. 2013) (citation omitted). While a plaintiff does not need to provide detailed factual allegations, *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), requires plaintiffs to establish grounds for entitlement to relief beyond mere recitation of elements of a cause of action. *Wine Group LLC v. L. & R. Wine Co.*, No. 10-CV-02204 MCE-KJN, 2011 WL 130236 at *2 (E.D. Cal. Jan. 14, 2011). In *Ashcroft v. Iqbal*, the Court expanded on this idea, stating:

> The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned…accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

556 U.S. 662, 678 (2008) (citations and quotation marks omitted).

The Eastern District of California has affirmed that the *Iqbal's* "heightened" pleading standard applies to affirmative defenses. *Wine Group LLC*, 2011 WL 130236 at *2. Courts in this district have held that "to the extent that the heightened pleading standard announced by these cases is based on the wording of Rule 8, a sufficient textual basis lies in Rule 8(b)(1) for extending their holdings to the pleading of affirmative defenses." *Dodson,* 289 F.R.D at 601. Applying this heightened standard will "serve to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleading where many of the defenses alleged are irrelevant to the claims asserted." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010).

**1. Legal Insufficiency**

Legal sufficiency of an affirmative defense is determined in light of the related claims. Thus, an affirmative defense is legally insufficient only if it lacks merit under any set of facts a defendant might

4

allege. *McArdle v. AT&T Mobility, LLC*, 657 F. Supp. 2d 1140, 1149 (N.D. Cal. 2009), *rev'd on other grounds*, 474 Fed. Appx. 515 (9th Cir. 2012). When determining the legal sufficiency of an affirmative defense on a motion to strike, the court "may not resolve disputed and substantial factual or legal issues in deciding" a motion to strike. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F. 3d 970, 973 (9th Cir. 2010).

### 2. Pleading Insufficiency

An affirmative defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense. *Barnes*, 718 F. Supp 2d at 1170. "Because the defendant bears the burden of proof on affirmative defenses, the defendant must plead "at least some valid factual basis" in support of its affirmative defense. *Perez v. Gordon & Wong Law Grp.*, P.C. No. 11-CV-03323-LHK, 2012 WL 1029425 at * 7 (N.D. Cal. Mar. 26, 2012).

Rule 12(f) of the Federal Rules of Civil Procedure states that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Whether to grant a motion to strike lies within the sound discretion of the district court." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). The grounds for a motion to strike must appear on the face of the pleading under attack. When ruling on a motion to strike, the Court must view the pleading under attack in the light most favorable to the pleader. *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, No. CV-13-6496-RSWL, 2014 WL 360048 at *2 (C.D. Cal. Jan. 31, 2014).

An affirmative defense may be stricken as insufficient either as a matter of law or as a matter of pleading. *Kohler v. Islands Restaurants, LP,* 280 F.R.D. 560, 564 (S.D. Cal. 2012).

### B. Analysis

Plaintiff seeks to strike eleven of the affirmative offenses that Defendants assert in its answer and

request this Court strike each such defense as insufficient as pled or as a matter of law.

### 1. **Fifth Affirmative Defense: Consent**

In its fifth affirmative defense, Defendants assert that Plaintiff "agreed, consented, and welcomed defendants' conduct." Doc. 71 at 11. Defendant has cited no legal authority for its position that consent is an affirmative defense to Plaintiff's claims for discrimination and retaliation. To the contrary, there is authority that suggests consent is not an affirmative defense against discrimination. *See Richmond v. Mission Bank*, No. 1:14-CV-00184-AWI, 2014 WL 2002312, at *5 (E.D. Cal. May 15, 2014). Additionally, Defendant has done no more than state boilerplate language of the affirmative defense. Therefore, the fifth affirmative defense is **STRICKEN** without leave to amend because the affirmative defense is inapplicable as a matter of law.

### 2. **Seventh Affirmative Defense: Res Judicata and Collateral Estoppel**

In its seventh affirmative defense, Defendants assert that Plaintiff's action is barred by "the doctrine of res judicata and/or collateral estoppel." Doc. 71 at 11. Defendants failed to provide Plaintiff with fair notice of either the defense of res judicata or collateral estoppel. Defendants have not plead "at least some valid factual basis" for either defense, because they have not provided the details of any prior action or suit which would give rise to these affirmative defenses. *Perez ,* P.C. No. 2012 WL 1029425 at * 7. Indeed, Defendants did nothing more than state formulaic elements of the defense. Therefore, the seventh affirmative defense is **STRICKEN.**

### 3. **Ninth Affirmative Defense: Comparative Negligence**

In its ninth affirmative defense, Defendants allege that any harm that Plaintiff sustained was "the direct and proximate result of Plaintiff's own fault, carelessness, and negligence." Doc. 71 at 11. Plaintiff did not bring a claim of negligence against Defendants. Defendants failed to cite any legal authority for its position that comparative negligence is an affirmative defense to Plaintiff's claims for

6

discrimination and retaliation. The Court is only aware of cases that do not allow comparative negligence to be asserted as an affirmative defense when negligence is not alleged in the complaint. *Ingram v. Pac. Gas & Elec. Co.*, No. 12-CV-02777-JST, 2014 WL 295829, at *3 (N.D. Cal. Jan. 27, 2014). Therefore, the ninth affirmative defense is **STRICKEN** without leave to amend because the affirmative defense is inapplicable as a matter of law.

### 4. Tenth Affirmative Defense: Assumption of Risk

In the tenth affirmative defense, Defendants allege that Plaintiff "had reasonable knowledge and belief of the defect or condition alleged in the Complaint and voluntarily assumed the risk that plaintiff might be injured and damaged by risk of such defect or condition." Doc. 71 at 12. The Court is not aware of any authority that stands for the proposition that assumption of risk applies in the employment discrimination context. Furthermore, Defendants have failed to present any facts showing that Plaintiff either expressly or impliedly absolved Defendants of any duty owed to Plaintiff. *Lane v. Micro-Focus (US), Inc.,* No. C09-1363 MJP, 2010 WL 5018146, at *3 (W.D. Wash. Dec. 3, 2010). Therefore, the tenth affirmative defense is **STRICKEN** without leave to amend because the affirmative defense is inapplicable as a matter of law.

### 5. Eleventh Affirmative Defense: Civil Code § 1431.2

In the eleventh affirmative defense, Defendants assert that "under the law of comparative negligence and under the provisions of California Civil Code § 1431.2, defendants should be required to pay only in proportion with defendant's own negligence, if any, by way, of any judgment entered against defendants in this legal action." Doc. 71 at 12. California Civil Code § 1431.2, however, is limited in its application to "actions for personal injury, property damage, or wrongful death." Cal. Civ. Code § 1431.2. As Plaintiff has not made any claims of personal injury, property damage or wrongful death this affirmative defense is legally insufficient. Therefore, the eleventh affirmative defense is

**STRICKEN** without leave to amend because the affirmative defense is inapplicable as a matter of law,

### 6. Twelfth Affirmative Defense: Negligence of Third Person

In the twelfth affirmative defense, Defendants allege that a third party is at fault for the matters referred to in the Complaint. Doc. 71 at 12. Defendants failed to provide Plaintiff with information regarding the identity of the alleged third parties. Indeed, Defendants have again done nothing more than provide boilerplate language. For that reason the twelfth affirmative defense is insufficiently pled and therefore it is **STRICKEN.**

### 7. Fourteenth Affirmative Defense: Exclusive Remedy of Worker's Compensation

In the fourteenth affirmative defense, Defendants allege that Plaintiff's action is barred by Cal. Labor Code § 3600, which guides liability for compensation, conditions of compensation, credits against judgment or settlement when an employee is injured or killed by a third party in the course of employment. Doc. 71 at 13. "Negligent response to harassment or discrimination claims because these claims are based on accusations of discrimination, which is not a normal risk of the compensation bargain." *Scott v. Solano County Health and Social Services Dept.*, 459 F. Supp. 2d 959, 971 (E.D. Cal. 2006). As discrimination is not a normal risk of employment this affirmative defense is legally insufficient. Therefore, the fourteenth affirmative defense is **STRICKEN** without leave to amend because the affirmative defense is inapplicable as a matter of law**.**

### 8. Fifteenth Affirmative Defense: Worker's Compensation Set-Off

In the fifteenth affirmative defense, Defendants allege that any verdict found for Plaintiff should be offset by the workers' compensation benefits. Doc. 71 at 13. Defendant has cited no legal authority for its position that workers' compensation benefits offset damages in claims for discrimination and retaliation. This Court has not located any such authority. Therefore, this affirmative defense is **STRICKEN** without leave to amend because the affirmative defense is inapplicable as a matter of law.

**9.     Sixteenth Affirmative Defense: Justification and Privilege**

In the sixteenth affirmative defense, Defendants allege that their conduct was justified and privileged. Doc. 71 at 13. Defendants have not plead "at least some valid factual basis" for this affirmative defense as they have not provided any rationale for their allegedly discriminatory action. *Perez*, 2012 WL 1029425 at * 7. Without such information, Defendant is not providing Plaintiff with fair notice. Therefore, this affirmative defense is **STRICKEN.**

**10.     Seventeenth Affirmative Defense: Unclean Hands**

In the seventeenth affirmative defense, Defendants assert "Plaintiff's action is barred by the equitable doctrine of unclean hands." Doc. 71 at 13. The doctrine of unclean hands requires that those seeking the Court's protection "have acted fairly and without fraud or deceit as to the controversy in issue." *Ellenburg v. Broadway, Inc*..763 F. 2d 1091, 1097 (9th Cir. 1985). Again, Defendants have failed to provide the Plaintiff with any facts that would put her on fair notice as to the actions which would be considered fraudulent or deceptive. For this reason, this affirmative defense is **STRICKEN**.

**11.     Eighteenth Affirmative Defense: Estoppel, Waiver, and Laches**

In the eighteenth affirmative defense, Defendants assert "Plaintiff's action is barred by the equitable doctrines of estoppel, waiver, and laches." Doc. 71 at 13. Once again, Defendants have failed to provide the Plaintiff with any facts that would put her on fair notice as to the defense alleged. For this reason, this affirmative defense is **STRICKEN**.

The Court notes that Defendants did little more than provide a formulaic recitation of the elements of the majority of the affirmative defenses presented. In addition, many of the affirmative defenses pled by the Defendants are entirely inapplicable to this case. This is legal work unbecoming of an officer of this court. However, as it is not prejudicial to the Plaintiff, the Court grants Defendants leave to amend those affirmative defenses that are not clearly barred by law. *See Wyshak v. City Nat'l*

*Bank*, 607 F. 2d 824, 826 (9th Cir. 1979) ("Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings."). The Court warns Defendants to plead only those affirmative defenses applicable to the case and to provide Plaintiff with fair warning of the factual basis for those affirmative defenses. Defendants are reminded of their obligations under Fed. R. Civ. P. 11 (b)(2) to plead only those "claims, defenses, and other legal contentions [] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." This Court should not be put to the burden of being the hall monitor for obviously deficient pleadings.

## IV. CONCLUSION AND ORDER

For the reason discussed above, the Court GRANTS Plaintiff's motion to strike eleven of nineteen of Defendants' affirmative defenses with leave to amend affirmative defenses seven, twelve, sixteen and seventeen, and without leave to amend affirmative defenses five, nine, ten, eleven, fourteen and fifteen. Any amended answer shall be filed and served within twenty (20) days of this order.

IT IS SO ORDERED.

Dated:   **February 24, 2015**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE